UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM C. SEVERS, JR., : | |
| : | Civil Action No. 05-3584(FLW) |
| Petitioner, : | |
| : | |
| v. : | **OPINION** |
| : | |
| CUMBERLAND COUNTY JAIL, : | |
| : | |
| Respondents. : | |

**APPEARANCES:**

    WILLIAM C. SEVERS, JR., Petitioner pro se
    #36291
    Cumberland County Jail
    54 West Broad Street
    Bridgeton, New Jersey 08302

**WOLFSON**, District Judge

This matter is before the Court on the petition of William C. Severs, Jr. for habeas corpus relief under 28 U.S.C. § 2254.

## I.  BACKGROUND

On or about July 19, 2005, petitioner, William C. Severs, Jr. ("Severs"), submitted a petition for a writ of habeas corpus under 28 U.S.C. §§ 2241, 2254. According to the allegations contained in the petition, Severs is confined at the Cumberland County Jail. He seeks attention and treatment for his serious medical needs and appointment of counsel to defend him in his "capital" case for federal habeas relief. Severs does not state the date of his state court conviction, nor does he indicate whether he has exhausted his state court remedies before proceeding in this Court.

On August 15, 2005, this Court entered an Order directing the Clerk to return the petition to Severs as insufficient under Rules 2(a), (c), and (d) of the Rules Governing Section 2254 Cases in the United States District Court ("Habeas Rules"). Specifically, the petition is deficient because it does not identify the state court judgment allegedly contested, it fails to identify any grounds or facts supporting a challenge to Sever's conviction, and it does not substantially follow the form as prescribed by this district court under local Civil Rule 81.3.

By the same Order, the Court also directed Severs to either pay the filing fee or submit a complete application to proceed in forma pauperis ("IFP"). Finally, the Court noted that Severs' claim alleging denial of medical care is not cognizable under either § 2241 or § 2254, and indicated that the appropriate avenue for relief would be a civil rights action under 42 U.S.C. § 1983. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). The August 15, 2005 Order gave Severs 30 days to inform the Court if he wished to proceed with his denial of medical care claim in a separate § 1983 civil action. The Order also granted Severs 30 days to pay the filing fee or submit an IFP application; and 30 days to file an amended petition to correct the deficiencies under habeas Rules 2(a), (c), and (d).

On September 14, 2005, Severs paid the filing fee for this habeas action. He did not amend his petition. However, on

September 21, 2005, Severs filed a separate civil complaint with respect to his denial of medical care claim (together with other alleged civil rights violations).  He paid the $250.00 filing fee for his complaint.  In his separate Complaint, which is assigned before this Court, Severs indicates that he has only recently been convicted in state court and that his sentencing hearing is scheduled for October 21, 2005.

## II.  ANALYSIS

### A.  Pro Se Pleading

Severs brings his habeas petition as a pro se litigant.  A pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).  A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance.  See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

B.  Exhaustion Analysis

A state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[] or ... circumstances exist that render such process ineffective ... ."[1]  28 U.S.C. § 2254(b)(1).  See also Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997), cert. denied, 532 U.S. 919 (2001) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

The exhaustion requirement is intended to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism.  Granberry v. Greer, 481 U.S. 129 (1987); Rose, 455 U.S. at 516-18.  Exhaustion also has the practical effect of permitting development of a complete factual record in state court, to aid the federal courts in their review.  Rose, 455 U.S. at 519.

---

[1] Exhaustion of state remedies has been required for more than a century, since the Supreme Court's decision in Ex parte Royall, 117 U.S. 241 (1886).  The exhaustion doctrine was first codified at 28 U.S.C. § 2254 in 1948, see Rose v. Lundy, 455 U.S. 509, 516-18 (1982), and was the subject of significant revisions in the Antiterrorism and Effective Death Penalty Act ("AEDPA"), Pub. L. 104-132, 110 Stat. 1217 (April 24, 1996).

A petitioner must exhaust state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Ross v. Petsock, 868 F.2d 639 (3d Cir. 1989); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.")  Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Picard v. Connor, 404 U.S. 270, 275 (1971); Castille v. Peoples, 489 U.S. 346, 350 (1989).

The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).  This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. Picard, 404 U.S. at 275.  Reliance on the same constitutional provision is not sufficient; the legal theory and factual predicate must also be the same. Id. at 277.

5

Where any available procedure remains for the applicant to raise the question presented in the courts of the state, the applicant has not exhausted the available remedies.  28 U.S.C. § 2254(c).

In the present case, by Severs' own admission, he has only recently been convicted and has not yet been sentenced with respect to his state court conviction.  Accordingly, a final judgment of conviction has not been entered in his state court criminal proceeding.  By virtue of this fact, it is patently clear that Severs has not yet attempted to exhaust his state court remedies before filing this federal habeas action, and the Court is constrained to dismiss the entire petition, without prejudice, for failure to exhaust as required under 28 U.S.C. § 2254.[2]  See Rose, 455 U.S. at 510.  Severs request for appointment of counsel in his habeas proceeding is denied as moot.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant

---

[2]  The Court also notes that the petition may be alternatively dismissed without prejudice on the ground that petitioner failed to correct the deficiencies in his initial habeas petition, as directed by this Court's August 15, 2005 Order.

has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 1537 U.S. 322 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the Court's procedural disposition of this case debatable.  Accordingly, no certificate of appealability will issue.

### IV.   CONCLUSION

For the foregoing reasons, this Court finds that Severs has failed to exhaust his available state court remedies or to allege facts sufficient to excuse failure to exhaust before proceeding with this federal habeas action.  The Court therefore will dismiss without prejudice the § 2254 habeas petition for failure

7

to exhaust available state court remedies.  No certificate of appealability will issue, insofar as Severs has failed to make a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).  Finally, petitioner's request for appointment of counsel in this action is denied as moot.

                                                s/Freda L. Wolfson
                                                FREDA L. WOLFSON
                                                United States District Judge
DATED: September 22, 2005